IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MATTHEW DANIEL ANDERSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 1:11-CR-123-1-DN<br><br>District Judge David Nuffer |

Defendant Matthew Daniel Anderson seeks early termination of his supervised release.[1] Because Mr. Anderson's probation officer and the Government agree to the requested relief, and as the circumstances of Mr. Anderson's conduct and the interests of justice warrant the early termination of his supervised release, Mr. Anderson's Motion[2] is GRANTED.

## BACKGROUND

On November 17, 2011, Mr. Anderson made his initial appearance in this case. Mr. Anderson later plead guilty to one count of a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1), and one count of possession of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), on February 28, 2012.[3] Mr. Anderson was sentenced to a prison term of forty-two months and supervised release for a term of twenty-four months.[4] Mr. Anderson's

---

[1] Motion for Early Termination of Supervised Release ("Motion"), docket no. 110, filed July 18, 2016.

[2] *Id*.

[3] Minute Entry for Proceedings Held Before Magistrate Judge David Nuffer, docket no. 43, entered Feb. 28, 2012.

[4] Judgment in a Criminal Case, docket no. 70, entered May 23, 2012.

supervised release began on November 28, 2014,[5] and is scheduled to terminate on November 27, 2016.

On July 18, 2016, Mr. Anderson petitioned for the early termination of his supervised release.[6] Mr. Anderson's probation officer, Meriska Holt, and the Government agree that the term of Mr. Anderson's supervised release should be terminated at this time.[7]

## DISCUSSION

"The court may … terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[8] In determining whether early termination of supervised release is warranted, the court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[9] These factors include:

- "the nature and circumstances of the offense and the history and characteristics of the defendant;"

- "the need for the sentence imposed … to afford adequate deterrence to criminal conduct;"

- "the need for the sentence imposed … to protect the public from further crimes of the defendant;"

- "the need for the sentence imposed … to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

---

[5] Motion at 1, docket no. 110, filed July 18, 2016.

[6] *Id*.

[7] *Id*.

[8] 18 U.S.C. § 3583(e)(1).

[9] *Id.*; *see also United States v. Rosenkrantz*, 2009 WL 890623, at *1 (D. Utah Apr. 2, 2009).

- "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]"

- "any pertinent policy statement[;]"

- "the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct;" and

- "the need to provide restitution to any victims of the offense."[10]

Mr. Anderson's criminal history includes a felony conviction for forgery in 2007.[11] However, since beginning the term of his supervised release, Mr. Anderson has been fully compliant and cooperative.[12] Mr. Anderson has also successfully completed all counseling and treatment programs required by the United States Probation Office, and has refrained from using illicit substances.[13] Moreover, since beginning the term of his supervised release, Mr. Anderson has maintained full-time employment and a stable residence.[14] Mr. Richardson has now completed approximately twenty months of his twenty-four month supervised release term.[15]

Given these circumstances, and considering the factors of 18 U.S.C. § 3553(a) and that Mr. Anderson's probation officer and the Government agree, the early termination of Mr. Anderson's supervised release is warranted by his conduct and the interest of justice. Accordingly, Mr. Anderson's Motion[16] is GRANTED.

---

[10] 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C), (2)(D), (4), (5), (6), (7).

[11] Statement by Defendant in Advance of Plea of Guilty at 4, docket no. 44, filed Feb. 28, 2012.

[12] Motion at 1, docket no. 110, filed July 18, 2016.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

## ORDER

IT IS HEREBY ORDERED that Mr. Anderson's Motion[17] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the term of Mr. Anderson's supervised release is terminated effective immediately.

Signed July 20, 2016.

BY THE COURT

District Judge David Nuffer

---

[17] *Id.*